## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ENTERPRISE NATIONAL BANK,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) **Civil Action No. 06-1344 (RCL)** |
| **MIKE JOHANN, Secretary,** | ) |
| **U.S. Department of Agriculture** | ) |
| | ) |
| **Defendant.** | ) |

### DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Now comes the Defendant, Mike Johann, Secretary, United States Department of

Agriculture, by and through Counsel and hereby answers the Plaintiff's Complaint as follows:

### AFFIRMATIVE DEFENSES

### First Defense

Plaintiff has failed to state a claim upon which relief can be granted.

### Second Defense

Answering specifically the numbered paragraphs of Plaintiff's Complaint, and without

waiving any defenses and/or objections, Defendant admits, denies, or otherwise avers as follows:

1. Defendant admits the allegations contained in paragraph 1 of the Plaintiff's complaint.

2. Defendant admits the allegations contained in paragraph 2 of the Plaintiff's complaint.

3. Defendant admits the allegations contained in paragraph 3 of the Plaintiff's complaint.

4. Defendant admits the allegations contained in paragraph 4 of the Plaintiff's complaint.

5. Defendant admits only that the Rural Business-Cooperative Service, an agency in the Rural

Development mission area of the Department of Agriculture, administers the Business and

Industry (B&I) program and denies the remaining allegations contained in paragraph 5 of the

Plaintiff's complaint.

6.  Defendant admits the allegations contained in paragraph 6 of the Plaintiff's complaint.

7.  Defendant admits the allegations contained in paragraph 7 of the Plaintiff's complaint.

8.  Defendant admits only that paragraph 8 of the Plaintiff's complaint sets forth one exception to the full faith and credit and avers that 7 C.F.R. § 4279.72(a) contains more exceptions than is listed in this paragraph; and denies the remaining allegations contained in paragraph 8 of the Plaintiff's complaint.

9.  Defendant admits the allegations contained in paragraph 9 of the Plaintiff's complaint.

10.  Defendant admits the allegations contained in paragraph 10 of the Plaintiff's complaint.

11.  Defendant denies the allegations contained in paragraph 11 of the Plaintiff's complaint.

12.  Defendant admits the allegations contained in paragraph 12 of the Plaintiff's complaint.

13.  Defendant admits the allegations contained in paragraph 13 of the Plaintiff's complaint.

14.  Defendant admits the allegations contained in paragraph 14 of the Plaintiff's complaint.

15.  Defendant admits the allegations contained in paragraph 15 of the Plaintiff's complaint.

16.  Defendant admits the allegations contained in paragraph 16 of the Plaintiff's complaint.

17.  Defendant admits the allegations contained in paragraph 17 of the Plaintiff's complaint.

18.  To the extent that the allegations contained in paragraph 18 express plaintiff's contentions and conclusions of law, they do not require a response from the defendant.  To the extent an answer is required, deny. defendant avers further that the Remand Determination speaks for itself.

19.  Defendant denies the allegations contained in paragraph 19 of the Plaintiff's complaint.

20.  To the extent that the allegations contained in paragraph 20 express plaintiff's contentions

and conclusions of law, they do not require a response from the Defendant.  To the extent an

answer is required, deny.  Defendant admits only that an oral conversation was had between the

parties on January 12, 2006, and that the referenced letter was sent, the remaining allegations

contained in paragraph 20 are denied.

21.  Defendant admits the allegations contained in paragraph 21 of the Plaintiff's complaint.

22.  Defendant denies the first and second sentence of paragraph 22 of the Plaintiff's complaint;

the first sentence being denied for want of information.

23.  Defendant denies the allegations contained in paragraph 23 of the Plaintiff's complaint.

24.  Defendant denies the allegations contained in paragraph 24 of the Plaintiff's complaint; and

Exhibit B, the Agency's March 3, 2006, letter speaks for itself.

25.  Defendant denies the allegations contained in paragraph 25 of the Plaintiff's complaint.

26.  Defendant denies the allegations contained in paragraph 26 of the Plaintiff's complaint.

27.  Defendant denies the allegations contained in paragraph 27 of the Plaintiff's complaint.

28.  Defendant denies the allegations contained in paragraph 28 of the Plaintiff's complaint.

29.  Defendant denies the allegations contained in paragraph 29 of the Plaintiff's complaint.

30.  Defendant admits the allegations contained in paragraph 30 of the Plaintiff's complaint.

31.  Defendant admits the allegations contained in paragraph 31 of the Plaintiff's complaint.

32.  Defendant admits the allegations contained in paragraph 32 of the Plaintiff's complaint.

33.  Defendant admits the allegations contained in paragraph 33 of the Plaintiff's complaint.

34.  Defendant admits the allegations contained in paragraph 34 of the Plaintiff's complaint.

35.  Defendant denies the allegations contained in paragraph 35 of the Plaintiff's complaint.

36.  Defendant denies the allegations contained in paragraph 36 of the Plaintiff's complaint.

37. Defendant denies the allegations contained in paragraph 37 of the Plaintiff's complaint.

38. Defendant denies the allegations contained in paragraph 38 of the Plaintiff's complaint.

39. Defendant denies the allegations contained in paragraph 39 of the Plaintiff's complaint.

40. Defendant denies the allegations contained in paragraph 40 of the Plaintiff's complaint.

41. Defendant denies the allegations contained in paragraph 41 of the Plaintiff's complaint.

42. Defendant denies the allegations contained in paragraph 42 of the Plaintiff's complaint for want of knowledge or information sufficient to form a belief as to the truth or falsity thereof.

43. Defendant denies the allegations contained in paragraph 43 of the Plaintiff's complaint.

44. Defendant denies the allegations contained in paragraph 44 of the Plaintiff's complaint.

45. Defendant denies the allegations contained in paragraph 45 of the Plaintiff's complaint for want of knowledge or information sufficient to form a belief as to the truth or falsity thereof.

46. Defendant denies the allegations contained in paragraph 46 of the Plaintiff's complaint for want of knowledge or information sufficient to form a belief as to the truth or falsity thereof.

47. Defendant denies the allegations contained in paragraph 47 of the Plaintiff's complaint.

48. Defendant admits the allegations contained in paragraph 48 of the Plaintiff's complaint.

49. Defendant denies the allegations contained in paragraph 49 of the Plaintiff's complaint.  The Hearing Officer's Determination speaks for itself.

50. Defendant admits the allegations contained in paragraph 50 of the Plaintiff's complaint.

51. Defendant denies any wrongdoing and further denies the allegations contained in paragraph 51 of the Plaintiff's complaint for want of knowledge or information sufficient to form a belief as to the truth or falsity thereof.

52. Defendant denies the allegations contained in paragraph 52 of the Plaintiff's complaint.

53.  Defendant admits only that the deputy Director remanded the appeal and denies the remaining allegations contained in paragraph 53 of the Plaintiff's complaint.

54.  Defendant admits only that on March 24, 2005, National Appeals Division (NAD) Hearing Officer Charles R. Mills (assigned to conduct the remand proceedings) approved the issuance of a subpoena requiring the attendance of Howard Franklin at the remand hearings and denies the balance of the allegations contained in paragraph 54 of the Plaintiff's complaint.

55.  Defendant admits the allegations contained in paragraph 55 of the Plaintiff's complaint.

56.  Defendant denies the allegations contained in paragraph 56 of the Plaintiff's complaint.

57.  To the extent that the allegations contained in paragraph 57 express Plaintiff's contentions and conclusions of law, they do not require a response from the defendant.  To the extent an answer is required, deny.  Defendant further avers that the hearing transcript speaks for itself on these issues.

58.  Defendant admits the allegations contained in paragraph 58 of the Plaintiff's complaint.

59.  Defendant admits the first sentence of paragraph 59 of the Plaintiff's complaint; To the extent that the remaining allegations contained in paragraph 59 express Plaintiff's contentions and conclusions of law, they do not require a response from the Defendant.  To the extent an answer is required, deny.  Defendant further avers that the hearing transcript and the regulations speak for themselves.

60.  Defendant admits that the Hearing Officer issued a NAD subpoena to the Agency for documents, including Mr. Franklin's documents, the unredacted Office of Inspector General's report of investigation and other documents relevant to the proceedings; and denies the remaining allegations contained in paragraph 60 of the complaint.

5

61. To the extent that the allegations contained in paragraph 61 express Plaintiff's contentions and conclusions of law, they do not require a response from the Defendant. To the extent an answer is required, deny. Defendant further avers that the administrative record speaks for itself.

62. Defendant denies the allegations contained in paragraph 62 of the Plaintiff's complaint.

63. Defendant admits the allegations contained in paragraph 63 of the Plaintiff's complaint.

64. To the extent that the allegations contained in paragraph 64 express Plaintiff's contentions and conclusions of law, they do not require a response from the Defendant. To the extent an answer is required, deny. Defendant further avers that the administrative record speaks for itself.

65. Defendant admits the allegations contained in paragraph 65 of the Plaintiff's complaint.

66. To the extent that the allegations contained in paragraph 66 express Plaintiff's contentions and conclusions of law, they do not require a response from the Defendant. To the extent an answer is required, deny. Defendant further avers that the administrative record speaks for itself.

67. To the extent that the allegations contained in paragraph 67 express Plaintiff's contentions and conclusions of law, they do not require a response from the Defendant. To the extent an answer is required, deny. Defendant further avers that the administrative record speaks for itself.

68. To the extent that the allegations contained in paragraph 68 express Plaintiff's contentions and conclusions of law, they do not require a response from the Defendant. To the extent an answer is required, deny. Defendant further avers that the administrative record speaks for itself.

69. To the extent that the allegations contained in paragraph 69 express Plaintiff's contentions and conclusions of law, they do not require a response from the Defendant. To the extent an answer is required, deny. Defendant further avers that the administrative record speaks for itself.

70. Defendant admits the allegations contained in paragraph 70 of the plaintiff's complaint and

avers that because neither party pursued a further administrative appeal, the decision became final as to both parties.

71.  Defendant denies the allegations contained in paragraph 71 subparts: (1) - (6) of the plaintiff's complaint and avers that the administrative record speaks for itself.

72.  Defendant denies the allegations contained in paragraph 72 of the Plaintiff's complaint.

73.  Defendant denies the allegations contained in paragraph 73 of the Plaintiff's complaint.

74.  Defendant repeats its answers to paragraphs 1 through 73 of the plaintiff's complaint as if fully restated and realleged herein in response to paragraph 74 of plaintiff's complaint.

75.  Defendant denies the allegations contained in paragraph 75 of the Plaintiff's complaint.

76.  To the extent that the allegations contained in paragraph 76 express Plaintiff's contentions and conclusions of law, they do not require a response from the Defendant.  To the extent an answer is required, deny.

77.  Defendant repeats its answers to paragraphs 1 through 76 of the plaintiff's complaint as if fully restated and realleged herein in response to paragraph 77 of plaintiff's complaint.

78.  Defendant denies the allegations contained in paragraph 78 of the Plaintiff's complaint.

79.  To the extent that the allegations contained in paragraph 79 express Plaintiff's contentions and conclusions of law, they do not require a response from the Defendant.  To the extent an answer is required, deny.

The balance of Plaintiff's complaint contains paragraphs, which consist of the Plaintiff's Prayer for Relief and do not require a response.  To the extent a response is required, deny.

Defendant denies each and every allegation in the Complaint that has not been previously otherwise qualified or denied. Defendant denies that plaintiff is entitled to the relief requested or any relief whatsoever.

WHEREFORE, Defendant having fully answered requests that Plaintiff's complaint be dismissed, that costs be assessed against Plaintiff, and for any other relief deemed just and proper.

Dated this 20th day of November, 2006.

Respectfully submitted,


/s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


/s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


/s/
HEATHER GRAHAM-OLIVER
Assistant United States Attorney
Judiciary Center Building
555 4th Street, NW - Civil Division
Rm. 4-4808
Washington, D.C. 20530
(202) 305-1334

Attorneys for Defendant

8