UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ENTERPRISE NATIONAL BANK,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**MIKE JOHANN, Secretary,** )<br>**U.S. Department of Agriculture,** )<br>)<br>**Defendant.** ) | ) Civil Action No. 06-1344 (RCL) |

### DEFENDANT'S OPPOSITION TO THE PLAINTIFF'S
### MOTION FOR DECLARATORY JUDGMENT

Now comes the Defendant in opposition to the Plaintiff's motion for Declaratory Judgment. Plaintiff's motion should be denied because contrary to Plaintiff's construction of this case, this action is not a de novo proceeding but rather is a record review of the USDA's National Appeals Division (NAD) decision, case record and attendant documents. 5 U.S.C. § 706(2). All of the facts presented by the Plaintiff in its Motion for Declaratory Judgment were raised in the NAD hearings and were decided. The Plaintiff is trying yet again to present contentious factual issues that were disposed of long ago at the NAD hearings. These issues are hardly relevant or appropriate in the instant case.[1]

The sole issue presented before this Court is whether the Agency's decision to reduce the Loan Note Guarantee for the Lender's final loss claim was erroneous and arbitrary given the final decision of the NAD Hearing Officer. See Camp v. Pitts, 411 U.S. 138, 142 (1973) (judicial review of an agency decision under the Administrative Procedure Act does not involve a de novo trial of the facts; rather review is based on the complete administrative record that was

---

[1] This bent for contentiousness is evidenced by the fact that Plaintiff has 14 pages of facts and 2 pages of argument.

before the decision maker at the time the ultimate challenged decision was made); <u>Citizens to Preserve Overton Park v. Volpe</u>, 401 U.S. 402, 416 (1971). The Hearing Officer framed his factual issues and concluded as follows:

<u>Issue No. 3</u>: Did construction deficiencies and negligence in construction oversight occasion a loss of $1,062,053?

> ( c ) <u>Maintenance Shed and Guardhouse</u>: "the plans for the project included a maintenance shed and guardhouse valued at $80,000. Appellant[2] did not ensure that its borrower built these structures. RBS decided that the failure to build the structures occasioned an $80,000 loss in the value of the collateral. I agree. Appellant has not shown that the planned facilities exist, nor has Appellant refuted RBS' determination that the absence of the facilities occasioned a loss of $80,000."

<u>Issue No. 4</u>: Did Appellant fail to ensure that its borrower contributed $2,950,000 to the project to purchase equipment, and if so, did this occasion a loss of $2,950,000?

> "Appellant failed to ensure that its borrower contributed $2,950,000 to the project to purchase equipment, and this occasioned a loss of $2,950,000. . . . The loan proposal and Conditional Commitment for the guarantee required Mr. Rabhan to contribute $2,950,000 from personal funds to purchase equipment. The equipment was to secure the guaranteed loan. Appellant was responsible for ensuring that Mr. Rabhan contributed the $2,950,000 and acquired the required security. . . .Appellant did not check the Contractor's bank records or perform other due diligence to ensure that he actually possessed the funds. In reality, Mr. Rabhan never paid the Contractor $2,950,000 and the Contractor never delivered the equipment. . . . Appellant's failure to perform appropriate due diligence to verify the existence of either the funds or the equipment created conditions that allowed the loan to proceed without the required equity injection and without collateral worth $2,950,000. This occasioned a loss of $2,950,000."

<u>See</u> Exhibit 1, Remand Hearing Determination, pp. 10, 12, 13 & 14.

---

[2] The "Appellant" is the Plaintiff in this context and RBS is the Rural Business-Cooperative Service or Agency. <u>See</u> Defendant's Motion for Declaratory Judgment, which is fully incorporated herein.

The Hearing Officer properly found that only two of the several reductions made by the Agency to the Loan Note guarantee could be upheld.  As a result, the Agency calculated the loss claim subject to the two reductions found by the Hearing Officer.  The Agency sent the plaintiff a check to fulfill the guarantee on all of the other issues.

Plaintiff argues that it should recover <u>all</u> of the guarantee simply because one paragraph of the NAD Hearing officer's decision under the heading <u>Determination</u> states:

> "Under 7 C.F.R. § 11.8(e), appellant has the burden of proving the adverse decision is erroneous by a preponderance of the evidence.  Appellant has proven that RBS's decision is erroneous."

Exhibit 1, p. 15.   Plaintiff's conclusion is misplaced.  It is clear and evident from the body of the Hearing Officer's opinion that he found for the Agency on the aforementioned two items.  <u>See</u> Exhibit 1, pp. 10, 12, 13 & 14.  Plaintiff's argument would essentially have this court ignore the plain intent and meaning of the Hearing Officer's factual conclusions as set forth above.

Plaintiff cites to the NAD Appeals Division Guide (Guide) for the proposition that "the appeal determination is limited to whether the agency erred or did not err in the adverse decision."  <u>See</u> Guide, http://nad.usda.gov/nadguide.pdf at 48, March 26, 2007.  Plaintiff's Declaratory Judgment Motion at p. 14.  This statement goes more appropriately to the Hearing Officer's jurisdiction but plainly does not mandate that the Hearing Officer's conclusions on particular issues be ignored.  It merely states the purpose of an appeal determination, in general, i.e., to determine whether or not the agency erred or did not err in the underlying adverse decision.  See Guide at p. 48.  This section goes on to state that the Hearing Officer "has no authority to review the legality of statutes or regulations, or to order any action by the agency". . . and then cites to Section 3.I.A., entitled <u>Jurisdiction</u>.  <u>Id.</u>

Although the Guide sets forth policies and procedures as to how to conduct hearings and write appeal determinations, it does not have the force of law to bind the Hearing Officer in the same way that a statute or regulation would. In fact, the <u>Introduction Section</u> of the Guide states: "[a]s a "guide," all of the procedures in this document need not be carried out to "the letter" in all instances; however, adherence to the procedures will ensure that NAD's administrative appeals process is conducted in a proper and legally sufficient manner and that the integrity of the process will be maintained." See Guide at p. 1. Additionally, although not mentioned by Plaintiff, the Guide explicitly provides that "[f]indings of fact and conclusions constitute the essentials of the appeal determination. If an appeal involves multiple issues, each should be clearly described and resolved with pertinent findings of fact and conclusions. The appeal determination follows a logical sequence: findings, analysis and conclusions for each issue." See Guide at p. 47. That is exactly what the Hearing Officer did in the instant case. With respect to each individual issue, the Hearing Officer made an independent finding. As previously stated, the Hearing Officer concluded that the Agency had supported the reduction of the guarantee with respect to issues 3 and 4. Exhibit 1. This decision should not be overturned unless arbitrary or capricious.

Finally, 7 C.F.R. § 11.10 ( c ) states:

> ( c ) All determinations of the Hearing Officers and the Director must be based on information from the case record, laws applicable to the matter at issue, and applicable regulations published in the Federal Reporter.
> . . .

The case record is clear that with respect to the two items in question, the guarantee must be reduced. The Hearing Officer found accordingly. See Guide at p. 45 & 49. Hence, Plaintiff's motion for Declaratory Judgment should be denied.

Respectfully submitted,

/s/
_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

/s/
_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

/s/
_____
HEATHER D. GRAHAM-OLIVER
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W.
Washington, D.C. 20530
(202) 305-1334