UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ENTERPRISE NATIONAL BANK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 06-1344 (RCL) |
| MIKE JOHANNS, Secretary, | ) |
| U.S. Department of Agriculture, | ) |
| | ) |
| Defendant. | ) |

### PLAINTIFF'S REPLY BRIEF IN SUPPORT OF
### ITS MOTION FOR DECLARATORY JUDGMENT

Plaintiff Enterprise National Bank ("Enterprise" or the "Bank") hereby submits its Reply Brief in Support of its Motion for Declaratory Judgment (the "Motion").

In his Remand Determination, the NAD Hearing Officer had but one ultimate decision to make: Did the Bank meet its burden of proof of showing by a preponderance of the evidence that the Agency's decision to reduce and dishonor its loan guarantee to the Bank was erroneous? See 7 C.F.R. § 11.8(e); (CR 13564). The Hearing Officer found unequivocally that the Bank met this burden: "[The Bank] has proven that [the Agency's] decision is erroneous." (CR 13564).

The Hearing Officer began his discussion of the facts by noting that, "Based on the evidence and arguments submitted by the parties and the program rules that apply, I conclude that [the Agency] erred in its decision to reduce [the Bank's] loss claim to zero." (CR 13552). After discussing the Agency's failure to prove its causation allegations made in support of its negligence claims, the Hearing Officer noted in his summary section (immediately preceding his announcement of the final determination) that:

> [The Agency] reduced [the Bank's] $3,160,075.50 loss claim to zero based on a
> calculation that the above factors occasioned the entire loss of $4,213,434. [The

1

>Agency's] decision is erroneous because [the Agency] has not correctly calculated the extent to which the alleged negligence and other factors occasioned a loss.

(CR 13564).

A complete reading of the Remand Determination shows that Bank met its burden and that any effort by the Agency to further reduce or dishonor its loan guarantee to the Bank cannot stand.

NAD hearing officers do not enjoy equitable authority and therefore do not have the authority to carve out certain portions of an Agency's determination as correct and reapportion the damages sought or the extent of negligence purportedly proven. See 7 C.F.R. § 11.9(e) (granting only the NAD Director equitable powers, and then, only within certain limitations). Under the Agency's incorrect view, the NAD Hearing Officer could and did split the proverbial baby to find some portion of the underlying Agency determination to have been correct even though the Agency could not support its aggregated damages allegations below.  (CR 13564). The Agency's argument does not square with the either the Hearing Officer's authority or with the Remand Determination as written.

Furthermore, even though the Remand Determination's language may appear self-contradictory in that the Hearing Officer describes facts which might ordinarily lead to the conclusion that the Agency was correct on certain issues – the maintenance shed and guardhouse construction, and the borrower's capital injection, for instance – the Hearing Officer's exclusion of the Agency's evidence as a result of its prohibited ex parte communication mandates a finding for the Bank and eliminates the Agency's ability to further dishonor its guarantee.[1] (CR 13556-

---

[1] The Bank denies that the Agency could have supported its claims with respect to these issues which are discussed more fully in the Agency's Motion for Declaratory Judgment and the Bank's Response Brief in this action.  The Bank hereby incorporates its Response Brief in Opposition to Defendant's Motion for Declaratory Judgment as if fully set forth herein.  In its Response Brief, the Bank noted that certain evidence relied upon was not included in the certified record before this Court.  Such evidence has since been located within the certified record and citations for those exhibits cited within the Response Brief at pages 8-10 are as follows: Exhibit S20 (CR 8123-26; 18103-15);

2

7). The excluded OIG report of investigation formed the entire basis for the Agency's original decision to dishonor the Bank's guarantee. (CR 1741). A comparison of the factual allegations of the OIG report with the factual allegations of the underlying Agency determination at issue shows that, without the OIG report, the Agency's underlying determination is gutted and the Agency could not support its case against the Bank in any form. (Compare CR 14406-30 with CR 1740-1757). All evidence introduced by the Agency was, in effect, fruit of the excluded OIG report. Once the OIG report and exhibits (CR 14431-14890) were excluded, the Agency's evidentiary support for its decision was eliminated and the Agency could not prevail in the Remand Determination. That is exactly the result the Hearing Officer reached when he wrote in the operative determination section that, "[The Bank] has proven that [the Agency's] decision is erroneous." (CR 13564).

    Finally, the Agency argues in its response brief that the proceeding in this Court is not a *de novo* review and attempts to characterize the Bank's Motion for Declaratory Judgment as seeking a *de novo* review. (Agency's Response at 1-2). The Agency's argument is unpersuasive. This lawsuit is not a *de novo* action nor has the Bank ever sought to turn it into one. The Bank has sought no discovery, no new trial or evidentiary hearing, and has relied solely upon the administrative record established below – and the enforcement related exhibits attached to its Complaint – to show that the Agency's action in refusing to abide by a final determination by the NAD is unjustified and cannot stand.

    The Agency has unlawfully refused to comply with the final determination of the NAD in this matter. As a result of the Agency's conduct, the Bank respectfully seeks an order declaring that the Agency's March 3, 2006 decision is without justification and compelling the Agency to

---

Exhibit U20 (CR 18119-23); Exhibit S71 (CR 12303; 17309-17313); Exhibit H9 (CR 17466-73); Exhibit K9-P9 (CR 17476-81); Exhibit Z9 p.1-2 (CR 17504-05); Exhibit A10 (CR 17506-07).

comply with the NAD Remand Determination by processing the remainder of the Bank's loss claim for payment in full plus accrued interest without delay.

    Respectfully submitted, this 19th day of June, 2007.

     /s/ John J. Richard
    JOHN J. RICHARD
    D.C. Bar No. 480212
    JOHN M. GROSS
    Georgia Bar No. 313520 (admitted *pro hac vice*)

TAYLOR, BUSCH, SLIPAKOFF & DUMA LLP
1600 Parkwood Circle, Suite 200
Atlanta, Georgia 30339
(770) 434-6868 – Telephone
(770) 434-7376 – Facsimile

    Attorneys for Plaintiff
    Enterprise National Bank

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ENTERPRISE NATIONAL BANK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 06-1344 (RCL) |
| MIKE JOHANNS, Secretary, | ) |
| U.S. Department of Agriculture, | ) |
| | ) |
| Defendant. | ) |

### CERTIFICATE OF SERVICE

I hereby certify that on May 31, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Heather Graham-Oliver, Esq.
>Assistant United States Attorney
>Judiciary Center Building
>555 4th Street, NW - Civil Division
>Rm. 4-4808
>Washington, D.C.  20530

This 19th day of June, 2007.

      /s/ John J. Richard
      John J. Richard
      D.C. Bar No. 480212

5